UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MSP RECOVERY CLAIMS, SERIES LLC, et al.,<br><br>   Plaintiffs,<br><br>v.<br><br>FARMERS INSURANCE EXCHANGE, et. al.,<br><br>   Defendants. | No. 1:19-mc-91025-FDS |

**ORDER ON PENDING MOTIONS**

CABELL, U.S.M.J.:

**Introduction**

The present matters arise from two related putative class actions pending in the Central District of California, *MSP Recovery Claims, Series LLC* ("MSP") *v. Farmers Ins. Exchange* ("Farmers"), Nos. 2:17-cv-02522-CAS-PLA ("*No-Fault Case*") and 2:17-cv-02559-CAS-PLA ("*Settlement Case*") (C.D. Cal. filed Mar. 31, 2017). Those actions contend that Farmers and other primary insurers failed to pay out on certain claims, which consequently forced certain Medicare Advantage Organizations (MAO) to satisfy the claims as secondary insurers. Some MAOs, rather than sue Farmers directly, assigned their claims to MSP, which brings the actions as assignee.

1

Against that backdrop, Farmers has served a documents subpoena pursuant to Fed. R. Civ. P. 45 on one of the assignors, Worcester-based Fallon Community Health Plan, Inc. ("Fallon"). That subpoena in turn has generated the three motions pending before this court: (1) Fallon's motion for a protective order or to quash the subpoena (D. 1); (2) Farmers' opposition in the form of a motion to compel Fallon to comply (D. 9); and (3) MSP's motion to intervene (D. 26). The court subsequently held a hearing on the motions. For the reasons chiefly articulated in court and as summarized briefly below, Fallon's motion to quash is <u>granted</u>, Farmers' motion to compel is <u>denied</u>, and MSP's motion to intervene is <u>denied</u> as moot.

**Discussion**

Farmers' subpoena seeks four general categories of documents from Fallon:

1. Documents related to Fallon's recovery agreements with MSP (Requests 1-13);

2. Documents related to Fallon's Medicare agreements, both on behalf of all its Medicare beneficiary enrollees and on behalf of one particular enrollee, H.R., named in the complaint (Requests 15-19)[1];

3. Documents related an August 27, 2017 accident involving H.R. (Requests 20-29 and 33); and

4. Documents related to H.R. and her coverage through Fallon generally (Requests 30-33).

---

[1] Farmers previously withdrew request No. 14.

2

A Rule 45 subpoena may be used to obtain information from non-parties consistent with the scope of discovery allowed under Fed. R. Civ. P. 26(b)(1). *In re New England Compounding Pharm., Inc. Prods. Liab. Litig.*, MDL No. 13-2419-FDS, 2013 WL 6058483, at *4 (D. Mass. Nov. 13, 2013). Thus, parties may use a subpoena to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). However, a court "must" limit discovery if it finds that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ P. 26(b)(2)(C)(i).

Farmers asserts that it attempted to obtain the requested information from MSP but did not receive all relevant documents regarding H.R. Farmers explained at the hearing that discovery regarding H.R. is vital because it bears on standing; her claim is one of the representative claims MSP has asserted to establish its standing to pursue reimbursement. Farmers states that this issue is genuinely in play because nothing in its own files or in any previous production of discovery indicates that H.R. had primary insurance from Farmers for the time in question.

As an initial matter, the federal court in California where the principal action is pending has already denied Farmers' motion to dismiss claims based on a lack of standing, including those

3

assigned from Fallon. *See No-Fault Case*, Dkt. No. 147 (Aug. 13, 2018). In any event, Fallon maintains that it has nothing to give Farmers and cannot be compelled to give what it does not have.

With respect to documents responsive to categories one and three, Fallon states that it previously produced any items in its possession to MSP as an obligation of its assignment of claims, something it unambiguously told Farmers on several prior occasions, and did not retain any records. Rather, and as Fallon explained, much of what it maintains is in the form of statistics and data reflecting actions taken on claims rather than traditional claims documents. In this regard, it did seem to the court that at least some of Farmers' concern appeared to arise from its surprise that Fallon would not have at least some traditional claims-related documents in its possession, *e.g.*, the claim submitted by H.R. or correspondence relating to the claim. That concern is not facially unreasonable; indeed, this court itself, unversed in the daily workings of Fallon's operations, wondered aloud whether Fallon wouldn't be expected to at least have *some* traditional claims-related documents. Nonetheless, this court credits Fallon's counsel's representations that it does not possess any such information and agrees that it cannot be compelled to produce what it does not possess.

With respect to category two, Farmers seeks a few subcategories of documents. Farmers seeks documents pertaining to

4

whether Fallon assigned any H.R. related claims to any other entity (Request Nos. 15 and 17). The requested information is relevant but Fallon's Chief Legal Counsel represented that Fallon made no subsequent assignment of H.R.'s claims (D. 1-4), and the court has no basis to challenge the representation. Farmers also seeks all agreements between Fallon and any collection vendor for any of Fallon's Medicare enrollees (Request No. 16), and records related to any legal actions in which Fallon sought to recover pursuant to the Medicare Secondary Payer Act (Request No. 18). The court finds that these requests are overly broad and not relevant where the dispute before this court is focused on MSP's ability to assert the H.R. claim. Farmers also seeks agreements between Fallon and any MSP-related entity (Request No. 19). The requested information is relevant but the court credits Fallon's representation that this information has already been provided and in any event would be in MSP's possession.

Finally, with respect to category four, Farmers represented at the hearing that the requests are restricted to H.R. and her accident on or about February 27. As such, the court finds the requests in this category to be duplicative of those in category three.

Accordingly, the Motion of Fallon Community Health Plan, Inc. For a Protective Order or to Quash Subpoena (D. 1) is GRANTED; Farmers' Motion to Compel Fallon Community Health Plan, Inc. to

5

Comply With Subpoena for Documents (D. 9) is DENIED; and The MSP Plaintiffs' Motion to Intervene on Behalf of Fallon Community Health Plan, Inc. is DENIED as moot.[2]

**SO ORDERED.**  /s/ Donald L. Cabell
DONALD L. CABELL, U.S.M.J.

DATED: December 23, 2019

---

[2] Although MSP was not formally permitted to intervene on Fallon's behalf or in opposition to Farmers' motion, MSP was permitted to participate in the hearing to provide information regarding the history of discovery in the principal litigation.

Finally, Fallon also moves for an award of attorneys' fees and costs related to the present motions. If this remains a subject of interest, Fallon should within two weeks of the date of this Order submit a brief memorandum setting forth the fees and costs it seeks and the basis for seeking the same. Farmers may within one week thereafter file a formal response.