UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MSP RECOVERY CLAIMS, SERIES LLC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> FARMERS INSURANCE EXCHANGE, et. al., <br><br> Defendants. | No. 1:19-mc-91025-FDS |

### ORDER ON NON-PARTY FALLON COMMUNITY HEALTH PLAN'S REQUEST FOR ATTORNEY'S FEES

CABELL, U.S.M.J.

Previously, this court rejected efforts by Farmers Insurance Exchange (Farmers) to obtain documents and information from non-party Fallon Community Health Plan (Fallon), for use in a California-based federal lawsuit filed against Farmers by MSP Recovery Claims, Series LLC (MSP), to whom Fallon had assigned its claims. Among other things, the court found that Farmers sought information that Fallon did not have in its possession, or had in its possession but had already provided to MSP, or information that MSP had either produced or could produce itself through discovery in the underlying matter. The court also found that it did not appear that Farmers had satisfactorily exhausted its efforts to obtain or review discovery from MSP prior to serving the subpoena upon Fallon. The court accordingly denied Farmers'

motion to compel, granted Fallon's motion to quash, and subsequently denied Farmers' motion for reconsideration. (D. 37, 43).

Fallon thereafter submitted a request to be awarded its attorney's fees and costs, which Farmers has opposed. (D. 39, 42, 44, 46). Now, after careful consideration of the record, Fallon's invoices and the relevant standards for awarding attorney's fees and costs, I find that Fallon is entitled to an award of some fees but not the entire amount it seeks.

For attorney's fees to be awarded to a non-party under Rule 45, the requesting party's subpoena must have imposed an undue burden or expense upon the non-party. *Rockstar Consortium US LP v. Google,* No. 14-mc-91322-FDS, 2015 WL 5972422, at * 4 (D. Mass. Oct. 14, 2015). In determining whether a subpoena imposes undue burden, courts examine (1) the relevance of the information requested; (2) the need of the requesting party for the documents; (3) the breadth of the request; (4) the time period covered; (5) the particularity with which the request is laid out; (6) the burden imposed; and (7) the expense and inconvenience to the non-party. *Id.* No single factor is determinative. The non-party bears the burden of establishing undue burden and cannot rely on mere assertions; instead, it must show the manner and extent of the burden and the injury that would be sustained through

compliance. However, if the non-party meets its burden, the court "*must* . . . impose an appropriate sanction." Fed. R. Civ. P. 45(d)(1) (emphasis added).

The court finds that Fallon has established undue burden because Farmers did not have a need for the documents it requested from Fallon as a non-party where it could have obtained some information from MSP, as discovery in the underlying litigation was ongoing at the time, and Fallon had otherwise provided MSP with all relevant documentation it had possessed, and conveyed as much to Farmers. Even assuming *arguendo* that Farmers was experiencing difficulty in obtaining discovery from MSP, a fact which the record does not suggest was an issue, "Rule 45 does not excuse imposing an undue burden on [a non-party] because of discovery difficulties with [a party]." *Rockstar*, 2015 WL 5972422, at * 6.

In deciding a reasonable award of attorney's fees and costs to Fallon, this court uses the lodestar method of "multiplying the number of hours productively spent by a reasonable hourly rate," which is the typical starting point for calculating a fee. *Joyce v. Town of Dennis*, 720 F.3d 12, 26-27 (2013), quoting *Torres-Rivera v. O'Neill-Cancel*, 524 F.3d 331, 336 (1st Cir. 2008). The calculation may be adjusted to reflect the following factors: "the nature of the case and the issues presented, the time and labor

required, the amount of damages involved, the result obtained, the experience, reputation and ability of the attorney, the usual price charged for similar services by other attorneys in the same area, and the amount of awards in similar cases." *Id.*, quoting *Haddad v. Wal-Mart Stores*, Inc., 455 Mass. 1025 (2010).

In this case, Fallon claims that it should receive an award for fees and costs in the amount of $109,783.95 (of which costs are $164.45). After reviewing the invoices for legal services and eliminating charges that were not associated with litigating the motions noted above, as well as adjusting charges for work that could have (in the court's view) been performed by an associate at a lower rate, this court will award Fallon $38,456.00 in attorney's fees and costs, which fairly compensates Fallon for its reasonable efforts in defending against Farmers' motion to compel.

The court has calculated the figure of $38,456.00 as follows. First, the court has included only those fees and costs directly tied to the drafting, filing, and litigation of (i) Fallon's motion seeking a protective order or to have the subpoena quashed, and (ii) Farmers' motion to compel.[1] As such, the court has not included costs and fees associated with other motions, whether they predate or postdate the motion for reconsideration. The court

---

[1] The court would have also included any costs incurred in responding to Farmers' motion for reconsideration but Fallon did not file a response.

also has not included fees for out-of-court communications between counsel or with court staff, or for transportation costs to and from the courthouse. That culling yields a total amount of $48,906. This represents 83.6 hours of Attorney Berman's time (rate of $585 per hour). However, since it appears that some of the work could have been done by an associate at a lower rate (*e.g.* reviewing documents, drafting affidavits, and research) and did not necessarily call for the expertise of Attorney Berman, a seasoned commercial litigator, it is within this court's discretion to reduce a portion of Attorney Berman's hours to a reasonable hourly rate for an associate. *See Galanis v. Szulik*, No. 11-10122-NMG, WL 2500630, at * 1 (D. Mass. June 26, 2012) (where attorney's fees were $176,489 and costs were $1,594.12, court reduced award of fees to $75,000 and awarded all costs). Accordingly, when we calculate half of the hours billed at the associate's rate of $335/hour ($14,003), and half at the $585/hour rate ($24,453), then the total for the 83.6 hours of work comes to $38,456. The court for that reason awards Fallon its attorney's fees and costs in the amount of $38,456. This award reflects both the court's acknowledgment of the undue burden placed upon Fallon as a non-party to this action as well as its interest in deterring parties from protracting discovery through duplicative and burdensome requests upon non-parties.

***So ordered.***                                    /s/ Donald L. Cabell
                                                     DONALD L. CABELL, U.S.M.J.

DATED:  December 31, 2020